Susan Wagner **LEISNER** et al., Plaintiffs,

v.

**NEW YORK TELEPHONE COMPANY, Defendant.**

**No. 72 Civ. 2127.**

United States District Court, S. D. New York.

June 12, 1974.

See also, D.C., 358 F.Supp. 359.

Kenneth R. Fields, Wasserman, Chinitz, Geffner & Green, New York City, for plaintiff Hurowitz.

Harriet S. Rabb, Employment Rights Project, New York City, for plaintiffs and pro se.

*Memorandum Opinion and Order*

MOTLEY, District Judge.

Plaintiff Hurowitz asks this court to set aside its order of March 15, 1974 under which plaintiffs' attorneys received a fee of $36,300, and the named plaintiffs received varying amounts of the Settlement Fund of $52,100 awarded under "II.A." of the Agreement of Settlement adopted as the judgment of the court by order of September 19, 1973. In light of the directives of *City of Detroit et al. v. Grinnell Corp.*, 495 F.2d 448 (2d Cir., decided March 13, 1974) which indicated both the standards for determining appropriate counsel fees and the advisability of holding a hearing to establish the basis on which said fees are to be awarded, the court held a hearing on May 17 and 20, 1974. On the basis of the material presented at the hearing, and the memoranda and affidavits received in relation to the question of the size and more particularly the source of attorney fees and the appropriate award to be made to each of the eight named plaintiffs, the court is of the view that the distribution made in the court's order of March 15, 1974 was equitable and should be adhered to.

■ By way of summary, the court notes that an attorney fee of $36,300 for 789½ hours of work amounts to a rate of less than $50 per hour. Given the fact that plaintiffs' counsel are pre-eminent in the employment rights field, and given the current rate for experienced well-trained lawyers in this area, the hourly rate was very reasonable. At the hearing on May 17, 1974, counsel for plaintiff Hurowitz acknowledged that this was a fair rate. Further, although the value of the Agreement is hard to quantify, since the relief is essentially equitable, it has been agreed that it is worth at least $173,745. The $36,300 figure is, therefore, approximately 21% of that total.

Plaintiff Hurowitz has two principal objections to the distribution of the Settlement Fund and the granting of attorney fees in this case. First, she contends that the amount awarded to her was too small in relation to the amounts received by the remaining named plaintiffs. Plaintiff Hurowitz received $600,

whereas the other named plaintiffs received amounts varying from $1,457 to $2,957. Secondly, plaintiff Hurowitz argues that the fee awarded attorney Rabb and her associates was both excessive and, insofar as it inevitably decreased the monetary award to the named plaintiffs, should have been derived from sources other than the Settlement Fund.

With regard to plaintiff Hurowitz' first objection, the court is convinced that the $600 which the named plaintiffs collectively decided to award her was adequate reimbursement for her participation, risk, and visibility in the instant suit. The extent of plaintiff Hurowitz' contribution to this suit was limited to her having filed sex discrimination charges with the Equal Employment Opportunity Commission (E.E.O.C.). While this is a necessary prerequisite for a federal suit of this nature, insofar as other plaintiffs similarly filed, her particular notification to the E.E.O.C. was not essential to the successful invocation of federal jurisdiction. Further, unlike the other named plaintiffs, plaintiff Hurowitz was no longer in the employ of defendant when this suit was filed. She was therefore unable, despite her acknowledged willingness, to contribute relevant information about defendant's continuing challenged practices. Such information was at best difficult to obtain from defendant, and only through the careful observation by currently employed plaintiffs could the nature and method of defendant's practices be ascertained. Such information was of course necessary for the meaningful negotiations between plaintiffs and defendant which ultimately resulted in the Agreement.

Finally, since the Agreement of Settlement made no provision for back pay, but instead focused on future remedial practices, plaintiff Hurowitz' claim that her share of the Settlement Fund should be a function of her length of employment prior to the settlement as compared to the past employment of other named plaintiffs is simply without merit. Specific monetary awards under "II.A." were not intended as back pay or to remedy any alleged discriminatory past practices, but rather as reimbursement geared to the individual named plaintiff's role as plaintiff. As a plaintiff, Hurowitz incurred none of the harassment alleged by other named plaintiffs during the pendency of the litigation.[1] As a plaintiff, Hurowitz' participation was rendered useless, through her voluntary termination of employment with defendant.

As to plaintiff Hurowitz' second contention that the attorney fees awarded in this case should be derived from the class generally rather than from the Settlement Fund, this suggestion is both inequitable and incompatible with the history and outcome of this litigation. Attorneys fees in litigation under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) can be allowed to the prevailing party under 42 U.S.C. § 2000e–5(k). Where a plaintiff or her class prevails at trial it is logical, under the "private attorneys general" theory of attorney fees, that defendant be responsible for the cost of bringing the litigation. Here, of course, the case was settled before trial. Defendant has admitted nothing in terms of liability but has agreed to a compromise guaranteeing substantially all the affirmative relief sought by plaintiffs, and further agreed under "II.A." to "Payments . . . to Plaintiffs *and* their Attorneys . . ." (emphasis added). In other words, it was contemplated by the parties to the Settlement that defendant should bear the plaintiffs' attorneys' fees. The court finds that it is preferable that the defendant who agreed to do so should bear the cost of attorneys' fees rather than the plaintiff class. This is

---

1. Plaintiff Milkman and plaintiff Principe, for example, made complaints of harassment and surveillance on the job to the E.E.O.C.

(See Affidavit of Harriet Rabb, filed May 20, 1974, Exhibits B and C).

especially so where the benefits conferred on plaintiffs are primarily equitable as opposed to monetary in nature.

It would indeed be arbitrary for the court, after approving a plan under which plaintiffs were to receive job advancements and higher pay, to order that the pay or part of it, so obtained be thereafter forwarded to plaintiffs' lawyers. It was apparently contemplated by the parties that the benefits conferred by the settlement be real. It was the understanding of the court that the Agreement of Settlement contained tangible benefits for the class in consideration for discontinuing the suit when the court SO ORDERED and adopted the Agreement. The court will not now alter the burden of attorneys' fees as suggested by plaintiff Hurowitz, in a manner which would shift that burden from the defendant which agreed to assume it to an unsuspecting class.

Finally, with respect to Attorney Fields' request for attorney fees, as plaintiff Hurowitz' counsel, said application is denied. The court is of the view that attorney fees under 42 U.S.C. § 2000e–5(k) are to be allowed only where counsel acting as a "private attorney general" has vindicated the rights not to be discriminated against embodied in the remainder of that statute. Plaintiff Hurowitz' present claim was not of that nature. Nor has plaintiff Hurowitz claimed or demonstrated that the party opposing the present motion has been obdurate or proceeded in bad faith so as to justify an award of counsel fees. *Stolberg v. Members of Bd. of Trustees for State College of Connecticut,* 474 F. 2d 485 (2d Cir. 1973). Finally, plaintiff Hurowitz' present claim has not created a "common fund" out of which Mr. Fields' fees could be drawn. Cf. *Jordan v. Fusari,* 496 F.2d 646 (2d Cir. decided April 29, 1974). Indeed, the court has concluded that no inequity was demonstrated after having brought this matter to the court's attention.

The order of this court, filed March 15, 1974, remains in effect.

So ordered.